CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
APR 01 2010
JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SUMMIT COMMUNITY BANK, | ) |
| | ) Civil Action No. 5:10-CV-00005 |
| Appellant, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| BLUE RIDGE SHADOWS HOTEL & | ) United States District Judge |
| CONFERENCE CENTER, LLC, et al., | ) |
| | ) |
| Appellees. | ) |

This case is presently before the court on an appeal from an order of the United States Bankruptcy Court for the Western District of Virginia dated November 30, 2009. The appellant seeks review of the bankruptcy court's order holding that certain materials furnished to a hotel were improvements and thus properly claimed in a mechanics' lien under Virginia Code § 43-3. Because the court concludes that the materials at issue were not improvements under the statute, the order will be reversed.

### Background

The appellant, Summit Community Bank ("Summit"), is a banking corporation which holds two Deeds of Trust on real estate owned by appellee Blue Ridge Shadows Hotel & Conference Center, LLC ("BRS Hotel"). Summit is a party in interest to the status of title to the real estate owned by BRS Hotel.

Appellee Corporate & Franchise Interiors, Inc. ("CFI") entered an agreement with the company that managed the hotel to provide design and purchasing services to the property. As part of that agreement, CFI purchased a variety of furnishings for the hotel, including sleeper sofas, lounge chairs, ottomans, nightstand lamps, end tables, chairs, and art prints. CFI also sold furnishings to Team Leasing, LLC, a company which leased property to the hotel.

CFI filed a mechanics' lien in the clerk's office for the Circuit Court of Warren County, Virginia, on October 17, 2008, in the amount of $228,761.33. CFI's mechanics' lien includes claims of $35,500.18 for supply of sleeper sofas, lounge chairs and desk lamps; $4,209.90 for sofas, pillows, game tables, desks and benches; $40,653.31 for chairs, artwork and mirrors; and $11,182.62 for chairs, tables, lamps and lamp shades.

On December 1, 2008, BRS Hotel filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia. On May 12, 2009, Summit filed a motion to determine the validity, priority and extent of lien or other interest in property pursuant to 11 U.S.C. § 506(a)(1) and Rule 7001 of the Federal Rules of Bankruptcy Procedure. The bankruptcy court heard Summit's motion on September 22, 2009, and on November 30, 2009, entered a final order concluding that CFI had an enforceable mechanics' lien. Summit now appeals to this court.

### Discussion

This court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." In re Harford Sands Inc., 372 F.3d 637, 639 (4th Cir. 2004); In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). In cases where the issues present mixed questions of law and fact, the court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. Gilbane Bldg. Co. v. Fed. Reserve Bank, 80 F.3d 895, 905 (4th Cir. 1996).

Summit argues on appeal that the personal property provided by CFI, which includes items such as chairs, tables, and lamps, are not materials which "improve" the building within the meaning of Virginia Code § 43-3. The Virginia mechanics' lien statute states in relevant part:

> All persons performing labor or furnishing materials of the value of $50 or more, including the reasonable rental or use value of equipment, for the construction,

removal, repair or improvement of any building or structure permanently annexed to the freehold, ... shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof ...

Va. Code § 43-3(A).

Because the term "improvement" is not defined in the mechanics' lien statute, its "meaning must be ascertained from the context and the subject matter of the instrument in which it is used." See Sellers v. Bles, 92 S.E.2d 486, 490 (Va. 1956) (interpreting "improvement" in § 54-113 by reference to the other types of undertakings enumerated and the fact that they precede the words "structure or part thereof"). Pursuant to § 43-3, a mechanics' lien is available for materials used in the "construction, removal, repair or improvement" of "any building or structure." Va. Code § 43-3(A). The construction, removal, or repair of a building each results in a change to the actual building, not simply the building's potential use or function. With respect to construction and repair, activities more akin to improvement than removal, the materials used often become a constituent part of the building. Given this context, it would appear that the statute requires a greater connection between the materials furnished to improve the building or structure, and the building or structure itself. In other words, it is not sufficient for materials to simply add value to a building by their mere presence without any further connection to the building.

This reading of improvement is consistent with the purpose of a mechanics' lien, which has been defined as "a claim created by law for the purpose of securing payment of the price or value of work performed and materials furnished in erecting or repairing a building or other structure or in the making of other improvements on land, and as such it attaches to the land as well as to the buildings erected thereon." See Brooks v. United States, 833 F.2d 1136, 1141 (4th Cir. 1987) (citing 53 Am.Jur.2d, Mechanic's Liens, § 1). A mechanics' lien is intended to give the security of a lien to those who, by their labor and material, have enhanced the value of the building *qua* building. See Gilman v. Ryan, 28 S.E.

875, 876 (Va. 1898). It would be incongruous to read § 43-3 so as to allow a building to become encumbered because of personal property which, although it has value, has no connection to the building itself other than its presence.

In this case, the bankruptcy court concluded that "improvements do not need to be permanently annexed to the structure to be claimed in a mechanic's lien," and in so doing, relied on the decision in Moore & Moore General Contractors, Inc. v. Basepoint, Inc., 485 S.E.2d 131 (Va. 1997). In that decision, the Supreme Court of Virginia held that cabinets, which "were delivered, accepted, installed, and added value to the structure," were properly the subject of a mechanics' lien, despite the fact that the buyer refused to pay for the cabinets and later removed the cabinets from the building. Id. at 134. The bankruptcy court concluded that, because the cabinets in that case were removable and therefore impermanent, materials need only add value in order to constitute an improvement.

The court is constrained to conclude, however, that the bankruptcy court erred by focusing solely on the removability of materials, as opposed to their connection to the encumbered property. Although materials need not be fixed and irremovable, as highlighted by Basepoint, some greater connection to the building or structure is necessary in order to sustain a mechanics' lien. The decision in Basepoint indicates as much when the Court states that the cabinets were "installed, and added value to the structure." 485 S.E.2d at 134 (emphasis added). Moreover, in affirming the validity of the mechanics' lien in that case, the Court opined that "[t]he legislature could not have intended that a supplier's mechanic's lien may be avoided simply by removing from the building the materials furnished and incorporated in it." Id. (emphasis added).[1]

---

[1] At least two Virginia Circuit Court decisions also indicate that furnished materials must have some connection to the building or structure, also described as "incorporation." See Dallan Constr., Inc. v. Super Structures Gen. Contrs., Inc., No. 08-473, 2009 Va. Cir. LEXIS 74, at *3-4

4

Of the items supplied by CFI to the hotel in this case, it is apparent that many of them were never installed or incorporated into the building, unlike the cabinets at issue in Basepoint. Under the facts of this case, the items furnished were not for the improvement of the building within the meaning of § 43-3.

## Conclusion

For the foregoing reasons, the court concludes that the bankruptcy court erred in concluding that the furniture and other items supplied by CFI constituted improvements that were properly included in CFI's mechanics' lien. Accordingly, the decision of the bankruptcy court will be reversed and remanded for further proceedings consistent with this opinion.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 1st day of April, 2010.

                                                _/s/_
                                  United States District Judge

---

(Va. Cir. Ct., Jan. 30, 2009) (stating that the "no materials furnished…were incorporated into the burdened property, or were ever even present at the building site" and that "the 'furnishing materials' clause of Code § 43-3 cannot be a basis for the mechanics' lien") (emphasis added); Able Equip. Co. v. Walter A. Ellis Constr. Corp., 27 Va. Cir. 498, 499 (Va. Cir. Ct., Oct. 20, 1989) (stating that "materials" is defined as "[m]atter furnished for the erection of a…structure which enters into and becomes a part thereof" and stating that "a majority of courts that have considered mechanics' liens for suppliers of materials have ruled that to support a lien, the materials supplied must have been incorporated into the structure").